IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 23-CR-30012-SPM |
| **RICHARD WALKER,** | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is a Motion for Bond filed by Defendant Richard Walker (Doc. 82) and a Motion to Dismiss Count II filed by the United States (Doc. 84). Prior to a discussion of the Government's Motion to Dismiss or any other motions, this Court must address the procedural posture of this case and the Judgment against Defendant Richard Walker that remains in place.

On February 24, 2024, a grand jury in the Southern District of Illinois returned an Indictment charging Walker with one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count I) and one count of possession with intent to distribute a controlled substance (fentanyl) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count II). (Doc. 1). On March 24, 2024, the United States filed the operative Superseding Indictment alleging the same two Counts against Walker. (Doc. 17). On June 5, 2023, Defendant Walker filed his Motion to Suppress and a Sealed Memorandum in Support, seeking to suppress all evidence against Defendant on the basis that it was unlawfully obtained during the search of the modular trailer

home where Defendant was initially arrested on October 28, 2022. (Docs. 24, 25). On December 1, 2023, this Court denied Defendant Walker's Motion to Suppress. (Doc. 42). On December 18, 2023, Walker pleaded guilty to Counts I and II of the Superseding Indictment (Doc. 45), and on March 20, 2024, he was sentenced to a term of imprisonment of 51 months as to each count to be served concurrently.[1] (Doc. 53).

On April 3, 2024, Walker notified this Court of his appeal to the U.S. Court of Appeals for the Seventh Circuit. (Doc. 58). On July 17, 2025, the Seventh Circuit issued its opinion reversing this Court's denial of Walker's Motion to Suppress and remanding the case "for further proceedings consistent with this opinion." (Doc. 66, Ex. 1); *see United States v. Walker*, 143 F.4th 899 (7th Cir. 2025). Specifically, the Seventh Circuit ordered this Court to consider: (1) whether the inevitable discovery exception to the exclusionary rule applies to the search and seizure of the firearm (the evidence forming the basis for Count I of the Superseding Indictment); and (2) whether Laverne Shipp's consent provided independent legal justification to uphold the search and seizure of the controlled substance contraband in Ramona Paulette's bedroom (the evidence forming the basis for Count II of the Superseding Indictment).

The parties filed Supplemental Briefs on the issues on remand before this Court, and on October 1, 2025, the United States filed a Motion to Dismiss Count I of the Superseding Indictment. (Doc. 74). On November 17, 2025, this Court granted Defendant Walker's Motion to Suppress. (Doc. 80). On the same day, this Court

---

[1] Walker was additionally sentenced to a term of three years of Supervised Release as to Counts I and II, to run concurrently, as well as a monetary fine of $500.00 and a special assessment of $200.00. (Doc. 53).

granted the United States' Motion to Dismiss Count I of the Superseding Indictment. (Doc. 81).

Rule 48 of the Federal Rules of Criminal Procedure provides that "[t]he Government may, with leave of the court, dismiss an indictment, information, or complaint." FED. R. CRIM. P. 48(a). However this Court finds that the prosecution is no longer pending in this matter, as Defendant Walker's judgment of conviction has not been vacated. (Doc. 56); *see United States v. Thorpe*, 148 F.4th 768 (D.C. Cir. 2025) (holding that while a judgment is final, the prosecution is no longer pending and the Government has no authority to dismiss charges under Rule 48(a)). Accordingly, before this Court may address the Government's Motion to Dismiss pursuant to Rule 48(a), this Court must first address the fact that Walker's judgment has not yet been vacated.

As stated above, on Walker's appeal, the Seventh Circuit reversed this Court's decision to deny his Motion to Suppress and remanded the case "for further proceedings consistent with this opinion." (*See* Doc. 66, Ex. 1); *Walker*, 143 F.4th at 903. This Court, upon receiving the mandate from the Circuit Court, did not initially visit the question of whether Walker's judgment remained intact. However, this Court finds, upon a close consideration of the procedural posture of this matter and the Seventh Circuit's directive, that while the Court of Appeals did not *explicitly* vacate Walker's conviction, the Circuit Circuit's opinion implicitly directed this Court to do so. *See United States v. White*, 406 F.3d 827, 832–33 (7th Cir. 2005) (stating that the scope of a district court's power on remand is determined by the language of the

order of remand). The Seventh Circuit's decision placed the matter, procedurally, at the pretrial stage, before Walker's Motion to Suppress had been adjudicated, such that it had the effect of vacating the judgment. *See id.* at 832 (holding that while the Seventh Circuit's previous order did not explicitly use the word "vacate" in its order, the decision sufficiently altered the defendant's sentence such that it had the effect of vacating the sentence). Accordingly, this Court now vacates the Judgment against Richard Walker in this matter. (Doc. 56).

This Court now turns to the Government's Motion to Dismiss. (Doc. 84). The Government seeks to dismiss Count II of the Superseding Indictment against Defendant Walker. (*Id.*). This Court finds that the interests of justice and the interests of the public are served by dismissing all charges against Defendant Walker at this time. *See United States v. Martin*, 287 F.3d 609, 623 (7th Cir. 2002). Accordingly, the Motion is granted, and this Court orders that Counts I and II of the Superseding Indictment against Defendant Richard Walker are dismissed without prejudice. (*See* Docs. 84, 81, 17).

With all charges against him having now been dismissed, this Court finds that Walker's Motion for Bond is now moot and is accordingly denied as moot. (Doc. 82).

## Conclusion

In light of the foregoing, the Judgment against Defendant Richard Walker is **VACATED**. (Doc. 56). The Motion to Dismiss Count II of the Superseding Indictment against Defendant Walker is **GRANTED**. (Doc. 84). Counts I and II of the Superseding Indictment are **DISMISSED without prejudice**. Defendant Walker's

Motion for Bond is **DENIED as moot**. (Doc. 82). The Court **ORDERS** the United States Attorney's Office to coordinate with the Bureau of Prisons to effectuate Walker's release forthwith.

**IT IS SO ORDERED.**

**DATED: December 3, 2025**

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**
